FILED
U.S. DISTRICT COURT
W.D.N.Y. BUFFALO

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

2006 JAN 18  AM 11: 31

JOSEPH M. JONES,

          Petitioner,

**DECISION and ORDER**
06-CV-0015Sc

-v-

THOMAS L. POOLE,

          Respondent.

---

Petitioner Joseph M. Jones, acting *pro se*, an inmate of the Five Points Correctional Facility, seeks relief pursuant to 28 U.S.C. § 2254, alleging that his conviction in Supreme Court, Monroe County, State of New York, was unconstitutionally obtained, as set forth more precisely in the petition. Petitioner has paid the $5.00 filing fee. Accordingly,

IT HEREBY IS ORDERED as follows:

**1.** Petitioner's motion for appointment of counsel, investigators and forensic experts (Docket No. 4) is denied without prejudice as premature. See *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987); *Murray v. Giarratano*, 492 U.S. 1, 109 S.Ct. 2765, 106 L.Ed.2d 1 (1989); Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c).

**2.** Respondent shall file and serve an **answer** to the petition, in accordance with Rules 4 and 5 of the Rules Governing Section 2254 Cases in the United States District Courts, no later than **March 5, 2006**. Further, the answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted. If any such proceeding was conducted, under the authority of Rule 4, the Court hereby directs respondent to provide

to the Court the transcript of the proceeding, together with any record(s) of such proceeding, and such documents will be filed in the official record of this case.

Respondent also shall file and serve by the above date a **memorandum of law** addressing each of the issues raised in the petition and including citations of relevant supporting authority.

Within thirty (30) days of the date this order is served upon the custodian of the records, the Clerk of Court or any other official having custody of the records of the proceedings in Supreme Court at issue now before this Court shall submit such records to the respondent or respondent's duly authorized representative.

If petitioner appealed from the judgment of conviction or from an adverse judgment or order in a post-conviction proceeding, under the authority of Rule 4, the Court hereby directs respondent to provide to the Court a copy of the briefs on appeal and the opinions of the appellate courts, if any, and such documents will be filed in the official record of this case.

If petitioner chooses to file a written response to the answer and memorandum of law, he should file the response within sixty (60) days of receipt of the answer.

Within thirty (30) days of the date this order is filed with the Clerk of Court, respondent may file a motion for a more definite statement or a motion to dismiss the petition, accompanied by appropriate exhibits which demonstrate that an answer to the petition is unnecessary.  The timely filing of such motion shall extend the time for filing an

answer for fourteen (14) days, but the failure of the Court to act upon the motion within that time shall not further extend the time for filing an answer.

3.  The Clerk of Court shall serve a copy of the petition (Docket No. 1), petitioner's affidavit in support of amended pro-se pleadings, (Docket No. 3), petitioner's affidavit in support of motion for counsel, investigators and forensic experts (Docket No. 4), petitioner's letter, dated December 28, 2005 (Docket No. 5), and petitioner's certificate of service (Docket No. 6), together with a copy of this order, by certified mail, upon respondent Superintendent of Five Points Correctional Facility and upon the Assistant Attorney General in Charge, 144 Exchange Street, Rochester, New York 14614. To advise appropriate Monroe County officials of the pendency of this proceeding, the Clerk of Court shall also mail a copy of this order to the District Attorney of Monroe County. Copies of petitioner's voluminous exhibits manually filed with the instant petition are available for review in the Clerk's Office.

4.  If petitioner intends to seek a stay of the petition, pursuant to Zarvela v. Artuz, 254 F.3d 374 (2d Cir.), cert. denied sub. nom. Fischer v. Zarvela, 536 U.S. 925 (2001), so that he can exhaust certain unexhausted claims, which the Court presumes are raised in the petition, as he mentions in a letter forwarded to the Court on or about December 28, 2005 (Docket No. 5), petitioner must file a motion with the Court seeking a stay of the exhausted claims raised in the petition while he exhausts certain unidentified unexhausted claims. The motion for a stay must, pursuant to Rhines v. Weber, 544 U.S. ___, 125 S.Ct. 1528, 1534, 161 L. Ed. 2d 440, 450 (2005), establish that (1) there is good

cause for petitioner's failure to exhaust the unexhausted claims, and (2) that the unexhausted claim are not "plainly meritless".

5.   To the extent that petitioner's letter of December 28, 2005 (Docket No. 5), may be construed as a motion to seal certain unidentified documents he has filed to date, the motion is denied without prejudice because petitioner has not identified what documents he wants sealed or why the documents should be sealed.  If petitioner wants to again request that certain documents be sealed, he must file a motion, pursuant to Local Rules of Civil Procedure 5.4, requesting that the Court seal certain documents. The motion must, in addition to strictly following Local Rule 5.4, a copy of which is enclosed with this Order, specifically identify what documents he wishes to have sealed and the reason or reasons he believes said documents should be sealed.

**PETITIONER MUST FORWARD A COPY OF ALL FUTURE PAPERS AND CORRESPONDENCE TO THE ATTORNEY APPEARING FOR RESPONDENT.**

SO ORDERED.

Dated:   1/17, 2006
Buffalo, New York

_____
WILLIAM M. SKRETNY
United States District Judge